IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 09-268 |
| ) | |
| RICHARD E. McDONALD ) | |
| ) | |
| Defendant ) | |

MEMORANDUM OPINION

CONTI, Chief District Judge.

Defendant Richard E. McDonald ("McDonald" or "defendant"), through counsel, filed a petition to remove himself from the Electronic Victim Notification System ("VNS") and have all such notifications conducted by conventional means, such as U.S. mail. (ECF No. 111). McDonald contends that this court has jurisdiction to grant this relief pursuant to 18 U.S.C. § 3771. The government filed a response in opposition to the motion, contending that McDonald's claims are misplaced and premature. (ECF No. 114). McDonald filed a reply and the motion is ripe for decision.

Factual and Procedural History

McDonald pleaded guilty to wire fraud, securities fraud, willful certification of false statements to the Securities Exchange Commission ("SEC"), failure to pay over payroll taxes, and income tax evasion, as set forth in counts 1, 6, 10, 14 and 18 of the indictment filed at criminal number 09-268. McDonald was sentenced to 130 months of imprisonment at counts 1,

1

6 and 10 and 60 months' imprisonment at counts 14 and 18, all concurrently to run. He was ordered to pay restitution in the amount of $38,140 to a single, named victim. McDonald's projected release date from prison is June 23, 2022. https://www.bop.gov/inmateloc/.

During the sentencing hearing, the court encouraged McDonald to rehabilitate himself while incarcerated. McDonald contends that he has embraced such efforts – to the extent that he has exhausted all his available program options. McDonald asserts, albeit without supporting evidence, that he is eligible to participate in other activities, such as the National Park Work Program, volunteer at a local church or university, the Loretto Bikes for Tikes program, work as a town driver or engage in a commercial driver's license training program. McDonald asserts that he has been denied the opportunity to participate in these programs "as a direct result of the VNS reporting requirement," which allegedly imposes a burden on case managers at FCI Loretto.

In response, the government explained that law enforcement identified 209 victims of McDonald's crimes. Ninety-four victims opted out of their right to notice under the VNS, and the remaining 115 victims continue to receive notice under the VNS system. The government believes that VNS notifications would occur if McDonald participates in a program with furloughs or work release. The United States Attorney's office does not oppose McDonald's participation in rehabilitation programs, but defers to the Bureau of Prisons ("BOP") regarding the VNS notifications. The government suggests that McDonald pursue his administrative remedies through his unit team and 28 C.F.R. § 542.10 et seq.

BOP deputy regional counsel Joyce Horikawa informed the Assistant United States Attorney ("AUSA") that the BOP does not exclude inmates from programs based solely on their

VNS status. Ms. Horikawa also informed the AUSA that FCI Loretto does not consider any inmate for the work programs desired by McDonald until the inmate is within two years of release. Thus, fact disputes exist regarding the impact of the VNS system on McDonald's inability to participate in the programs. Ms. Horikawa did not address McDonald's assertion that he has exhausted all other available rehabilitative programs.

Legal Analysis

As a threshold matter, the court must consider its authority to grant the relief sought by McDonald. His motion cites the court's jurisdiction pursuant to 18 U.S.C. § 3771, which addresses the rights of crime victims. That statute is unavailing to McDonald because it explicitly provides that inmates lack standing. *See* 18 U.S.C. § 3771(d) ("A person accused of the crime may not obtain any form of relief under this chapter.").

More generally, the Prison Litigation Reform Act requires the exhaustion of administrative remedies. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

"The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). McDonald's motion relates to prison conditions, namely, his ability to participate in rehabilitative programs while incarcerated. McDonald did not exhaust his administrative remedies.

The court encourages McDonald to continue his active efforts at rehabilitation. His pending motion, however, must be denied. The denial is without prejudice if McDonald is unable to obtain appropriate administrative relief.

An appropriate order follows.

BY THE COURT:

Date: August 2, 2017

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 09-268 |
| | ) | |
| RICHARD E. McDONALD | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

ORDER

AND NOW, on this 2nd day of August, 2017, for the reasons set forth in the accompanying memorandum opinion, IT IS HEREBY ORDERED that the petition to be removed from the Electronic Victim Notification system (ECF No. 111) is **DENIED WITHOUT PREJUDICE**.

BY THE COURT:

 /s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge